UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
REUBEN AVENT,

```
  USDC SDNY
  DOCUMENT
  ELECTRONICALLY FILED
  DOC #: _____
  DATE FILED: 7-29-10
```

                              Plaintiff,           02 Civ. 0914 (DAB)(RLE)
                                                   ADOPTION OF REPORT
          -against-                                AND RECOMMENDATION

SUPERINTENDENT NICHOLAS SOLFARO,
SERGEANT JOHN GENTILLO,

                              Defendants.
----------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     On October 7, 2008, Magistrate Judge Ronald L. Ellis issued
an Amended Report and Recommendation ("Amended Report")[1] in the
above-captioned case.  Judge Ellis' recommends that the
Defendants' Motion for Summary Judgment be granted and
Plaintiff's Cross-Motion for Summary Judgment be denied pursuant
to Federal Rule of Civil Procedure 56.  Plaintiff, proceeding pro
se, has filed timely objections to the Amended Report.

     Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Court is
required to make a "de novo determination of those portions of
the report or specified proposed findings or recommendations to
which objection is made."  Where no timely objection has been
made, "a district court need only satisfy itself there is no
clear error on the face of the record."  Nelson v. Smith, 618

---

[1]As noted in the Amended Report, Correctional Officer Evan
Washington, who was previously a Defendant in this case, passed
away on May 13, 2005 and is no longer a party to this action.
(Defs' Mem. Of Law, 3.)

F.Supp. 1186, 1189 (S.D.N.Y. 1985). After conducting the
appropriate level of review, the Court may then accept, reject,
or modify, in whole or in part, the findings or recommendations
made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local
Civil Rule 72.1(d).

For the reasons contained herein, this Court accepts and
adopts the findings and recommendations of Magistrate Judge
Ellis.

## I. BACKGROUND

This matter was transferred to this Court on May 21, 2007
upon the untimely death of the Honorable Richard C. Casey.
Plaintiff's remaining causes of actions include excessive force
and medical indifference claims under the Eighth Amendment and
procedural due process claims arising under the Fourteenth
Amendment. The facts in this matter are meticulously detailed in
Judge Ellis' Report, and will not be fully restated here.

On September 14, 2007, Judge Ellis issued a Report and
Recommendation in this matter recommending that Defendants'
Motion for Summary Judgment be granted and Plaintiff's Cross-
motion for Summary Judgment be denied. Subsequently, on February
8, 2008, Plaintiff Avent filed Objections to the Report and
Recommendation. On October 7, 2008, Judge Ellis issued an

Amended Report and Recommendation and on October 17, 2008,
Plaintiff Avent timely filed Objections to the Amended Report and
Recommendation.

In his October 17, 2008 submission, Plaintiff Avent objects
to the Report on the following bases: (1) that the summary
judgment process is being used inappropriately by Defendants and
the Court to deprive Plaintiff of a trial of disputed factual
issues; (2) that Defendants' exhaustion defense was both improper
and waived by Defendants' failure to raise it in its initial
memorandum of law in support of summary judgment; and (3) that
there is no justification for a second Report and Recommendation
"overruling" the first.  Furthermore, incorporating his February
8, 2008 objections, Plaintiff Avent also objects that Judge
Ellis: (4) misapplied Woodford v. Ngo, 548 U.S. 81 (2006) by
failing to consider exceptions to the exhaustion defense; (5)
misapplied the standard for medical indifference; (6)
inappropriately decided the case on summary judgment at this
point in the litigation; (7) abused his discretion in granting
the defendants' Motion for Summary Judgment; and (8) did not
consider the documents and exhibits submitted by Plaintiff, but
relied only on Defendants' inadmissible evidence.

Because Plaintiff is proceeding pro se, the Court must
consider his submissions liberally, and interpret them to raise

3

the strongest arguments they can suggest.  See Soto v. Walker, 44
F.3d 169, 173 (2d Cir. 1995) (citing Burgos v. Hopkins, 41 F.3d
787, 790 (2d Cir. 1994)).  When a party only raises general
objections, however, "a district court need only satisfy itself
there is no clear error on the face of the record."  Nelson v.
Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); see also Brown v
Peters, 1997 WL 599355, at *7 (N.D.N.Y. Sept. 22, 1997) (where
only general objections are filed to a report and recommendation,
a court need only review for clear error) (citing cases).

Even construed liberally, Plaintiff's objections as to the
general propriety of the summary judgment process do not pertain
to the substance of the Amended Report and do not set forth any
factual or legal bases which address any error by Judge Ellis.
Even under the lenient standards accorded to pro se submissions,
the Court finds that Plaintiff's first, sixth, and seventh
objections are without reference to specific factual findings or
citation to particular legal principles that counsel against
Judge Ellis' recommendations.  The Court need not, and does not,
give de novo consideration to such objections.

Furthermore, "perfunctory responses argued in an attempt to
engage the district court in a rehashing of the same arguments
set forth in the original [papers] will not suffice to invoke de
novo review . . . [as such objections] would reduce the

4

magistrate's work to something akin to a meaningless dress rehearsal." Vega v. Artuz, No. 97 Civ. 2775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted)). Here, because the objections as to the standard for medical indifference[2] and the allegations of alteration or fabrication of evidence,[3] Plaintiff's fifth and eighth objections, respectively, simply rehash the same arguments set forth in Plaintiff's previously rejected motions and papers, they too are reviewed for clear error. The remainder of Plaintiff's objections are reviewed de novo.

Accordingly, the Court reviews de novo Plaintiff's following objections: (1) that Defendant's exhaustion defense was both improper and waived by Defendant's failure to raise it in its initial memorandum of law in support of summary judgment; (2) that there is no justification for a second report and recommendation "overruling" the first; and (3) that Judge Ellis misapplied Woodford v. Ngo, 548 U.S. 81 (2006), by failing to consider exceptions to the exhaustion defense.

---

[2] Because Judge Ellis based his recommendation to grant Defendants' motion for summary judgment on the exhaustion defense, the Report does not reach or address the standard for medical indifference.

[3] In April 2006, Plaintiff moved seeking sanctions for this alleged misconduct. In an Opinion and Order dated August 11, 2006, (Docket #71), Judge Ellis denied this motion.

## II. DISCUSSION

A.   Plaintiff's Specific Objections

    1.   Plaintiff's Objection that Defendant Waived the
        Exhaustion Defense.

Plaintiff contends that Defendants' exhaustion defense "was
waived in a form of a reply" and that on this issue Judge Ellis
"rel[ied] on [an] affidavit by [the] Warden that did not provide
any evidence regarding the absence of any disputable facts or
issues." (Obj. at 4.) Defendants, however, first raised the
exhaustion defense in their Answer to Plaintiff's Complaint and
again in their Memorandum of Law in Reply and Further Support of
their Motion for Summary Judgment. (Answer ¶ 23; Defs.' Mem.
Supp. Summ. J. 2.)

Having raised the defense in their Answer, Defendants
clearly have not waived the exhaustion defense. See, e.g.,
Johnson v. Rowley, 569 F.3d 40, 45 (2d Cir. 2009) (finding that
defendant did not waive non-exhaustion defense where he "raised
this defense in his answer to [the] complaint and has continued
to assert it throughout this litigation"); Mendez v. Barlow, 2008
WL 2039499, *4 (W.D.N.Y. 2008) (noting the existence of "several
controlling Second Circuit precedents, decided well before

6

Defendants filed their answer, requiring defendants in prisoner civil rights cases to timely <u>plead</u> the exhaustion of remedies affirmative defense or lose the defense by waiver") (emphasis added) (citing <u>Johnson v. Testman</u>, 380 F.3d 691, 695 (2d Cir. 2004)).   Accordingly, the Court rejects Plaintiff's first Objection to the Report and Recommendation.

      2.    Plaintiff's Objection that a Second Report and
          Recommendation was not Justified.

Plaintiff relies on <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167 (5th Cir. 1990), to support his objection that Judge Ellis gave no justification for "overruling" the first Report and Recommendation of September 14, 2007, and replacing it with the Amended Report and Recommendation of October 7, 2008. (Obj. at 3.)   In <u>Lavespere</u>, the Fifth Circuit held that, when considering a motion for reconsideration of the grant or denial of summary judgment, "the extent of the court's discretion to reopen the case and to consider [additional evidentiary] materials. . .is not boundless."   <u>Id.</u> at 173.   Accordingly, Plaintiff argues by implication that some justification is necessary in order to warrant the amendment of the first Report.

In addition to the fact that Fifth Circuit cases do not constitute controlling precedent for this Court, <u>Lavespere</u> is

inapposite to the procedural posture of this case.  In <u>Lavespere</u>,

a district court had decided to grant relief from a <u>final</u>

judgment, pursuant to Federal Rule of Civil Procedure 60(b).

Here, however, the magistrate judge has merely corrected errors

in a Report and Recommendation, which is not final.  Pursuant to

Rule 60(a), "[t]he court may correct a clerical mistake or a

mistake arising from oversight or omission whenever one is found

in a judgment, order, or other part of the record.  The court may

do so on motion or on its own, with or without notice."  <u>See</u>

<u>also, e.g.</u>, <u>American Trucking Ass'ns v. Frisco Transp. Co.</u>, 358

U.S. 133, 145 (1958) ("It is axiomatic that courts have the power

and the duty to correct judgments which contain clerical errors

or judgments which have issued due to inadvertence or mistake");

<u>Metromedia Co. v. Fugazy</u>, 753 F.Supp. 93, 99 (S.D.N.Y. 1990)

(holding District Court is empowered to correct clerical errors

or oversight on its own initiative).  Accordingly, the Court

finds that Judge Ellis had full authority to correct any errors

in the first Report and Recommendation on his own initiative.

3.    Plaintiff's Objection that Judge Ellis Misapplied
      <u>Woodford</u> by Failing to Consider Exceptions to the
      Exhaustion Defense.

Plaintiff contends that Judge Ellis did not address his

"legal objections to . . . the exhaustion exceptions." (Obj. at

5.), thereby misapplying the Supreme Court's holding in <u>Woodford</u>.

8

At issue in <u>Woodford</u> was whether the term "exhausted," as used in the Prisoner Litigation Reform Act ("PLRA")[4], means "proper exhaustion" (i.e., that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court") or "exhaustion simpliciter" (i.e.,"that a prisoner may not bring suit in federal court until administrative remedies are no longer available"). <u>Woodford v. Ngo</u>, 548 U.S. 81, 89 (2006). Relying on principles of administrative and habeas law as well as the statutory purpose of the PLRA, the Court in <u>Woodford</u> held that the PLRA requires proper exhaustion. <u>Id.</u> at 88-93.

Pursuant to the rules and regulations promulgated under the New York State Correction Law, "[a]n inmate must file a grievance within five days of the date of the act or occurrence giving rise to the grievance." N.Y. Comp. Codes R. & Regs. tit. 9, § 7032.4(d). The occurrence giving rise to Plaintiff's excessive force and medical indifference claims occurred on July 23, 2001, while the occurrence giving rise to Plaintiff's due process claim occurred on July 30, 2001. The record demonstrates that Plaintiff filed his grievance for all claims on August 2,

---

[4] The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2000 ed.).

2001.  Therefore, Judge Ellis found that the excessive force and medical indifference claims were not administratively exhausted, and were accordingly barred by the PLRA, while the due process claim was timely exhausted and could proceed.  (Amend. Report at 6-7.)

Plaintiff objects to Judge Ellis's finding on two grounds.  First, although Plaintiff does not dispute the date on which he filed his grievance, (Amend. Report at 6), he argues that on July 24 he discussed the incident of the previous day with his mother, who in turn made a verbal complaint on his behalf on July 26, within five days of the alleged excessive force and medical indifference.  (Def. Aff., Ex. CC at 133; Ex. D.)  Plaintiff further argues that the Department of Correctional Services duly investigated his mother's complaint.  (Obj. at 6.)

Previous decisions have held that "[p]rison officials are entitled to require strict compliance with an existing grievance procedure," Hemphill v. New York, 198 F.Supp.2d 546, 549-50 (S.D.N.Y. 2002), because "[t]o allow [a] plaintiff to bypass [available administrative] procedures would obviate the purpose for which the procedures were enacted." Grey v. Sparhawk, 2000 WL 815916, at *2 (S.D.N.Y. 2000).  The oral complaint by Plaintiff's mother is insufficient to satisfy the exhaustion requirement.  See, e.g., Dimick v. Baruffo, 2003 WL 660826, *4   (S.D.N.Y. Feb.

10

28, 2003) ("[T]he PLRA's exhaustion requirements are stringent
and are not satisfied by . . . verbal complaints.")(internal
citations omitted).

Plaintiff's second objection to Judge Ellis's application
of Woodford is that Judge Ellis did not consider excuses to the
exhaustion defense.  (Obj at 5-10.)  Post-Woodford precedent in
the Second Circuit holds that the unavailability of the
grievance system will excuse non-exhaustion under the PLRA:

> Depending on the inmate's explanation for the alleged
> failure to exhaust, the court must ask whether
> administrative remedies were in fact available to the
> prisoner[,] . . . whether the defendants' own actions
> inhibiting the inmate's exhaustion of remedies may
> estop one or more of defendants from raising the
> plaintiff's failure to exhaust as a defense . . . and
> whether special circumstances have been plausibly
> alleged that justify the prisoner's failure to comply
> with administrative procedural requirements.

Macias v. Zenk, 495 F.3d 37, 41 (2d Cir. 2007)(quoting Hemphill
v. New York, 380 F.3d 680 (2d Cir. 2004)).

Here, in his affidavit in opposition to Defendants'
motion, Plaintiff asserts that "[s]everal officers denied [him]
a grievance, or either did not know of any grievance system or
forms and Solfaro stated this is a County Jail, we have no
grievance, that is only for state prisons.  We operate
differently and [sic] not bound by state laws because we are a
County."  (May 10, 2006 Avent Affidavit, ¶ 63.)  Similarly, in
the affidavit submitted with his own motion for summary

11

judgment, Plaintiff asserts that "after receiving [Plaintiff's] mother's complaint and [Plaintiff's] complaints and letters including notes to Solfaro . . . [Plaintiff] was never giving [sic] a grievance to formally record such complaints which support the fact that no grievance system existed . . . " (June 26, 2006 Avent Affirmation, ¶ 14).

Nevertheless, on August 2, 2001, Plaintiff submitted a hand-written complaint to Superintendent Solfaro, recounting each of his grievances, including the alleged factual bases for his excessive force and medical indifference claims. (Plt's Ex. A; Solfaro Aff., ¶ 9.) Indeed, the August 2, 2001 complaint was the basis for Magistrate Ellis' determination that Plaintiff had exhausted his remedies for his due process claim arising from the July 30, 2001 hearing, but not for his excessive force and medical indifference claims which arose more than five days prior to August 2, 2001, on July 23, 2001. (Amend. Report at 6-7.)

Plaintiff provides no explanation for or basis to believe that he could not have submitted the same complaint five days earlier, on July 28, 2001, thus timely exhausting his remedies for the July 23, 2001 excessive force and medical indifference claims. Accordingly, because the Court finds that administrative remedies were in fact available to the

12

Plaintiff, the Court rejects his objection that he should be excused from failing to exhaust those remedies.

### III. CONCLUSION

As explained, <u>supra</u>, Plaintiff's remaining objections are either general, or relitigate arguments already submitted to and rejected by Magistrate Judge Ellis. Therefore this Court need only review the remainder of the Report for clear error. Having found no clear error on the record, and having conducted an independent <u>de novo</u> review of the specifically objected-to portions of the Report, it is ORDERED AND ADJUDGED as follows:

1.  The Amended Report and Recommendation of United States Magistrate Judge Ellis dated October 7, 2008, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court;

2.  Defendant's Motion for Summary Judgment be GRANTED;

3.  The Clerk of Court is directed to CLOSE the Docket in this Case.

SO ORDERED

Dated:    New York, New York
          July 28     , 2010

                                    _Deborah A. Batts_
                                    DEBORAH A. BATTS
                                    United States District Judge

13